# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4978 | DATE | 9/30/2004 |
| CASE TITLE | In Re: Kmart Corporation, et al vs. Uniden America Corporation | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Uniden's motion for leave to appeal is denied. Status hearing set for 10/14/04 is stricken. Any other pending dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 01 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | rbf docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TH | courtroom deputy's initials | 2004 SEP 30 PM 3:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| KMART CORPORATION, et al., | ) |
| | ) |
| Debtor, | ) |
| | ) No. 04 C 4978 |
| | ) |
| KMART CORPORATION, | ) |
| | ) **DOCKETED** |
| Plaintiff, | ) OCT 0 1 2004 |
| | ) |
| v. | ) |
| | ) |
| UNIDEN AMERICA CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Uniden America Corporation ("Uniden") seeks leave to immediately appeal an interlocutory order entered by United States Bankruptcy Judge Susan Pierson Soderby on July 7, 2004. (*In re Kmart Corp., et al.*, No. 02-B0274, R. 40-1, Mem. Op. and Order, July 7, 2004 ("Bankruptcy Order").) For the reasons stated herein, Uniden's motion for leave to appeal is denied.

## LEGAL STANDARDS

Uniden may appeal the Bankruptcy Court's interlocutory order only if it obtains leave of this Court. 28 U.S.C. § 158(a). It is within the Court's discretion to decide whether to allow the appeal. *Fruehauf Corp. v. Jartran, Inc. (In re Jartran, Inc.)*, 886 F.2d 859, 866 (7th Cir. 1989).



Although the Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of such an appeal, courts in this district have applied the standard set forth in 28 U.S.C. § 1292(b)—which governs interlocutory appeals from the district court to the court of appeals—to the bankruptcy context. *In re OBT Partners*, 218 B.R. 418, 419-20 (N.D. Ill. 1998).

Section 1292(b) provides that an interlocutory appeal may be taken if the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (emphases in original). The party seeking leave to appeal must meet each of these requirements. *Id.* A court will not grant leave to appeal an interlocutory order absent "exceptional circumstances." *Pullman Constr. Indus., Inc. v. Boockford and Co. (In re Pullman Constr. Indus.)*, 143 B.R. 497, 498 (N.D. Ill. 1992).

## BACKGROUND

On January 22, 2002 (the "Petition Date"), Kmart Corporation and thirty-seven affiliates (collectively, "Kmart") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On May 2, 2003, Kmart filed a one-count adversary complaint against Uniden (the "Preference Complaint"), seeking to recover approximately $5.6 million in transfers that Kmart made to Uniden within ninety days of the Petition Date. Kmart contends that these payments constitute "avoidable preferences" under 11 U.S.C. § 547(b). In response, Uniden filed

2

eleven affirmative defenses to the Preference Complaint.

Kmart filed a motion to strike certain affirmative defenses.[1] The Bankruptcy Court granted the motion in part, and struck all affirmative defenses that were not specifically enumerated in Section 547(c) of the Bankruptcy Code and that did not constitute "threshold defenses."[2] (Bankruptcy Order at 8-12.) Specifically, the Bankruptcy Court struck Uniden's Third Affirmative Defense (unclean hands), Sixth Affirmative Defense (fraud), and Eleventh Affirmative Defense (setoff and/or recoupment) (collectively, the "Non-Statutory Defenses"). The Bankruptcy Court held that "the only defenses to the substance and merits of a preference action available to a defendant are those enumerated in the Code." (Bankruptcy Order at 7.)

Uniden filed a motion in this Court for leave to immediately appeal the Bankruptcy Court's interlocutory order. The Court has jurisdiction to consider Uniden's motion pursuant to 28 U.S.C. §§ 158(a)(3) and 1292(b).

## ANALYSIS

In this case, the parties do not dispute that there is a controlling question of law: "[w]hether the Bankruptcy Court erred in construing the defenses set forth in Section 547(c) of

---

[1] Although the Bankruptcy Court acknowledged that Kmart failed to timely file its motion to strike, it nonetheless struck the affirmative defenses as legally insufficient on the Court's own initiative. See Fed. R. Civ. P. 12(f) ("[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense . . . .").

[2] The Bankruptcy Court considered the following affirmative defenses to be permissible "threshold defenses:" Fourth Affirmative Defense (waiver), Seventh Affirmative Defense (equitable estoppel), and Eighth Affirmative Defense (improper venue). The Bankruptcy Court struck the Fourth and Seventh Affirmative Defenses as "conclusory, bare-bones allegations," and granted Uniden leave to amend those defenses. (Bankruptcy Order at 9.) The Bankruptcy Court struck the Eighth Affirmative Defense as being "patently defective and incapable of succeeding under any circumstances." (Bankruptcy Order at 8.)

the Bankruptcy Code as the exclusive defenses to the substance and merits of the Preference Complaint brought by Kmart against Uniden." The parties focus on whether the question of law is contestable and whether the immediate resolution of the question would materially advance the litigation.

## I. The Bankruptcy Court's Ruling

Section 547(b) of the Bankruptcy Code empowers a bankruptcy trustee to avoid any transfer that meets certain requirements. Section 547(c) of the Code sets forth a number of exceptions to the trustee's power to avoid such transfers.[3]

In this case, the Bankruptcy Court ruled that "the only defenses to the substance and merits of a preference action available to a defendant are those enumerated in [Section 547(c) of] the Code." (Bankruptcy Order at 7.) The Bankruptcy Court explained that "[t]he rationale is that under rules of statutory construction, where Congress enumerates exceptions to a general prohibition, additional exceptions are not to be implied, absent a contrary legislative intent." (Bankruptcy Order at 6 (quoting *Official Unsecured Creditors Comm. of Intrastate Elec. Servs. v. Intrastate Sheet Metal, Inc. (In re Intrastate Elec. Servs., Inc.)*, Nos. 95 B 20173, 98 A 1923, 98 A 1925, 98 A 1926, 2000 WL 1346696, at *5 (Bankr. N.D. Ill. Sept. 8, 2000).) The Bankruptcy Court further ruled that a party may assert "threshold defenses" that are not specifically enumerated in Section 547(c): "'Threshold defenses' are those defenses that would bar recovery, before even opening the door to consider the substantive nature of the claim. Examples of threshold defenses include, 'lack of *in personam* jurisdiction, service of process, standing, and

---

[3] These enumerated exceptions are affirmative defenses because they do not negate the trustee's *prima facie* case.

the like.'" (Bankruptcy Order at 7 (quoting *Raleigh v. Mid Am. Nat'l Bank and Trust Co. (In re Stoecker)*, 131 B.R. 979, 983 (Bankr. N.D. Ill. 1991).)

Uniden seeks leave to appeal this ruling.

## II. There Is No Significant Difference of Opinion As To Whether Section 547(c) Provides The Exclusive Substantive Defenses To An Action Under Section 547(b)

The parties dispute whether the question of law is contestable. "A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *United States v. Moglia*, No. 02 C 6131, 2004 WL 1254128, at *3 (N.D. Ill. June 7, 2004).

Uniden argues that there is a substantial difference of opinion as to whether a preference defendant can assert affirmative defenses other than those specifically enumerated in Section 547(c) and other than "threshold defenses." Uniden acknowledges that there is authority supporting the Bankruptcy Court's ruling, but argues that an immediate appeal is warranted because there is substantial authority contradicting Kmart's position and supporting Uniden's position. Kmart argues that it is unlikely that a court would reverse the Bankruptcy Court's ruling on appeal and that the cases that Uniden cites do not contradict the Bankruptcy Court's ruling. The Court agrees with Kmart.

Uniden contends that "[s]everal courts (including courts in this District) have held that preference defendants are not limited to raising only those defenses specifically enumerated under § 547(c) of the Bankruptcy Code." In support, Uniden cites three cases: *Philip Servs. Corp. v. Luntz (In re Philip Servs. (Del.), Inc.)*, 267 B.R. 62, 70-71 (Bankr. D. Del. 2001); *Dubis*

5

*v. Heritage Bank and Trust Co. (In re Kenosha Liquidation Corp.)*, 158 B.R. 774, 777 (Bankr. E.D. Wisc. 1993); and *Steinberg v. NCNB Nat'l Bank of N.C. (In re Grabill Corp.)*, 135 B.R. 101, 108 (Bankr. N.D. Ill. 1991). None of these cases, however, contradicts the Bankruptcy Court's ruling.

In *Phillips*, the court noted that a preference claim, like any other claim in federal court, is subject to statute of limitations, res judicata, and collateral estoppel-type threshold defenses. This ruling is consistent with the Bankruptcy Court's ruling that the only affirmative defenses allowed are those specifically enumerated in the statute and threshold defenses, such as "*in personam* jurisdiction, service of process, and standing, and the like."[4]

In *Kenosha* and *Grabill*, the courts allowed a preference defendant to assert the "earmarking doctrine." The ear-marking doctrine, however, is not an affirmative defense. Rather, "[b]y invoking the ear-marking doctrine, [the creditor] merely challenges the Trustee's ability to establish all the *prima facie* elements of a preference, not the applicability of one or more of the statutory defenses under Section 547(c) . . . ." *Grabill*, 135 B.R. at 108. These cases do not suggest that preference defendants may assert non-statutory affirmative defenses *other* than threshold defenses. Thus, the cases cited by Uniden comport with the Bankruptcy Court's ruling.

Overwhelming authority supports the Bankruptcy Court's ruling. *In re Stoecker*, 131

---

[4] To the extent that the bankruptcy court in the District of Delaware suggested that the preference defendant may assert the affirmative defense of unclean hands, *Philips*, 267 B.R. at 70, a single contradictory ruling outside of this District is insufficient to warrant an immediate appeal. *In re Pullman Constr.*, 143 B.R. at 499 (holding that a directly contrary ruling by the Court of Appeals in another circuit did not entitle the preference defendant to an interlocutory appeal where there was no significant difference of opinion amongst the Bankruptcy Courts within the Northern District of Illinois).

B.R. at 983 ("Although threshold challenges on issues such as lack of *in personam* jurisdiction, service of process, standing, and the like, can be raised by preference defendants, same are not defenses on the merits of the subject transfers involved in the preference litigation. Several courts have held that the substantive exceptions outlined in Section 547(c) not involving such threshold defenses are exclusive. The Court finds these authorities persuasive."); *In re Intrastate Elec. Servs.*, 2000 WL 1346696, at *5 ("Although defenses such as lack of jurisdiction can be raised by preference defendants, it is well established that the exceptions under § 547(c) are the exclusive substantive defenses to liability under § 547(b)."); *Sterling Die Casting Co. v. Local 365 UAW Welfare and Pension Fund (In re Sterling Die Casting Co.)*, 118 B.R. 205, 207 (Bankr. E.D. N.Y. 1990) (striking affirmative defense of lack of good faith because that defense is not specifically enumerated in the statute); *Pulaski Highway Express, Inc. v. Central States Southeast and Southwest Areas Health and Welfare and Pension Funds (In re Pulaski Highway Express, Inc.)*, 41 B.R. 305, 310 n.9 (Bankr. M.D. Tenn. 1984) ("The enumerated exceptions to the recovery of preferences outlined in § 547(c) are exclusive and a bankruptcy court is without authority to judicially create additional exceptions."); *McColley v. M. Fabrikant & Sons, Inc. (In re Candor Diamond Corp.)*, 26 B.R. 850, 851 (Bankr. S.D.N.Y. 1983) ("This court finds no indication that Congress intended the enumerated exceptions of 11 U.S.C. § 547 to be non-exclusive."). No substantial difference of opinion exists as to whether a preference defendant can assert affirmative defenses other than those specifically enumerated in Section 547(c) and other than "threshold defenses." It is unlikely that a court would reverse the Bankruptcy Court's ruling on appeal.

Uniden further argues that the Bankruptcy Court disregarded Kmart's alleged fraud in

7

striking the Non-Statutory Defenses. The Bankruptcy Court noted that "[f]raud is neither an element of proof on a prima facie preference avoidance action under section 547(b)," nor one of the enumerated defenses of Section 547(c). (Bankruptcy Order at 10.) The Bankruptcy Court further noted that "proof of [the debtor's] actual or constructive fraud of the [defendant's] good faith in accepting the payments . . . is simply irrelevant and immaterial in preference actions . . . ." (Bankruptcy Order at 10 (quoting *Stoecker*, 131 B.R. at 983.) Uniden has not provided any authority supporting its argument that Kmart's alleged bad acts were relevant to the Bankruptcy Court's ruling.

### III. An Immediate Appeal Will Not Advance The Ultimate Termination Of This Case

Given the Court's ruling that there is no substantial difference of opinion with respect to the legal question in this case, "an immediate appeal is more likely to delay litigation than materially advance the ultimate termination of this case." *Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 901 (N.D. Ill. 1997); *Custom Cos. v. Official Comm. of Unsecured Creditors*, No. 00 C 1161, 2000 WL 765090, at *2 (N.D. Ill. June 12, 2000).

### CONCLUSION

There is no substantial difference of opinion as to whether a preference defendant can assert affirmative defenses other than those specifically enumerated in Section 547(c) and other than "threshold defenses." Accordingly, an immediate appeal of the Bankruptcy Court's Order is unwarranted, and the Court declines to grant Uniden leave to immediately appeal the Bankruptcy

Court's Order.[5] Uniden's motion for leave to appeal is denied.

Dated: September 30, 2004

ENTERED

*[signature]*

AMY J. ST. EVE
United States District Court Judge

---

[5] Uniden will not be denied meaningful appellate review merely because it must await the entry of a final order by the Bankruptcy Court. Indeed, Uniden did not attempt to demonstrate that the order entered by the Bankruptcy Court will be effectively unreviewable on appeal from a final order. *See In re Lifschultz Fast Freight Corp.*, 127 B.R. 418, 419 (N.D. Ill. 1991).